## H. A. ALDRICH v. THE STATE.

### *No. 3079.    Decided March 4.*

**1. Embezzlement—Ownership.**—Shuck & Co., a firm composed of T. J. Shuck and one Nicholson, employed defendant to sell sewing machines for them. During such employment Nicholson sold his entire interest in said firm to Shuck, and thereby said firm was dissolved. On the day before such sale and dissolution Nicholson turned over to defendant, for sale, a sewing machine, the property of said firm. Ten days after the dissolution of said firm defendant sold said machine and converted the proceeds of said sale to his own use. It is charged in the indictment that the proceeds of said sale belonged to said Shuck. *Held:*

1. If defendant received the machine as the property of Shuck & Co., and sold the same as the property of said firm, without knowing that Shuck was the sole owner thereof; or if he sold the same as the property of Nicholson, in good faith, believing that it belonged to Nicholson, without knowledge that Shuck had purchased Nicholson's interest therein, he can not be convicted under the indictment in this case.

2. But if, at the time defendant sold the machine, he was acting as agent of Shuck in the sale thereof, and knew that Shuck was the sole owner of said machine at that time, and with such knowledge fraudulently converted the proceeds of said sale, he would be guilty as charged in the indictment, notwithstanding the machine was the property of Shuck & Co. at the time it was received by him for sale.

**2. Accomplice Testimony.**—See the opinion for facts which did not require an instruction as to accomplice testimony.

**3. Degrees of Embezzlement.**—Embezzlement is an offense of degrees. It is a felony or misdemeanor according to the value of the property converted. If the value of the property be $20 or over, it is a felony; if less than $20, it is a misdemeanor.

**4. Same—Commission on Money Received.**—If money is received by an employe, and he is entitled to a share thereof, but some act remains to be done before he has the right to take his share, a fraudulent conversion of the money to his own use is embezzlement. But if on receipt of the money he is entitled to a share thereof as commissions, a conversion of such commissions will not constitute embezzlement, because the commissions belong to him; and if, after deducting his commissions, the balance of the money converted by him is less than $20, the offense would be a misdemeanor.

APPEAL from Tarrant County. Tried below before Hon. R. E. Beckham.

Conviction for embezzlement. Punishment assessed at confinement in the penitentiary for two years.

The special instruction requested by the defendant, and which the court refused to give, and which this court refers to in the opinion and holds should have been given, is as follows: "If you find from the evidence that the defendant sold a machine to Welch for $20, and that

he actually did embezzle the proceeds of such sale, which belonged to T. J. Shuck; and then if you further believe that defendant was entitled to 15 per cent commission out of the sales which he had made for said Shuck, then it will be your duty to convict the defendant and assess his confinement in the county jail for a term not less than one year, and by fine not exceeding $500, or by such imprisonment alone, for if you find as just above mentioned you can not assess the punishment in the penitentiary."

A bill of exception was reserved by the defendant to the refusal of the court to give the above special instruction.

No further statement of the case than that given in the opinion is necessary.

*Byron Johnson,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—It is charged in the indictment in this case that appellant "was the clerk and employe of T. J. Shuck, a private person, and that he (the said H. A. Aldrich) did then and there fraudulently embezzle, misapply, and convert to his own use, without the consent of the said T. J. Shuck, certain money belonging to the said T. J. Shuck, of the amount and value of $20, which said money had come into the possession and was under the care of the said H. A. Aldrich by virtue of his clerkship and employment," etc.

At the trial he was found guilty as charged, his punishment being assessed at two years in the penitentiary.

It appears from the evidence that about January, 1890, appellant was employed by the firm of T. J. Shuck & Co. as their agent to sell sewing machines, upon a salary of $8 per week and 15 per cent commissions on all sales made by him. The firm of Shuck & Co. was dissolved on the 5th day of April, 1890, the co-partner, Nicholson, having on that day sold out all his interest to Shuck, and from that day Shuck was sole owner of the business, and appellant, as before, continued in his employment. On the day before Nicholson sold out to Shuck, thereby dissolving the partnership, he (Nicholson) turned over to appellant, to sell, a sewing machine belonging to the firm, which had been previously rented out by Nicholson, and Nicholson erased his previous entry on the books showing the whereabouts and disposition of said machine, but made no other entry on the books showing that he had turned the machine over to defendant to sell. Ten days afterward, on the 14th day of April, appellant sold this sewing machine for $20, and converted the money to his own use, having never accounted for the same, or any part thereof, to Shuck, the sole owner after the dissolution of the partnership of T. J. Shuck & Co. Shortly after he

had made·this sale appellant suddenly left, without any notice to Shuck, and being indebted to him in the sum of $30 or $40 for over-drawn salary and commissions. He was extradited from Louisiana, after indictment found.

His defense at the trial was, in substance and effect:

First. That Nicholson turned the machine over to him as his (Nicholson's) individual property, with instructions to sell the same, and upon an agreement and understanding between them that the defendant was to sell the same, and that they (Nicholson and defend-ant) would divide the proceeds between themselves. This Nicholson, as a witness, positively denies, and appellant, in his testimony, does not pretend to state that he has ever paid, or offered to pay, Nicholson any portion of the money, and the receipt which he gave for the $20 paid for said machine by the party to whom he sold it, is in the name of and for T. J. Shuck & Co., and not in the name of Nicholson.

In this connection we will notice defendant's complaint that the court should have instructed, but failed to instruct, the jury that Nichol-son was an accomplice, and that in consequence it was essential to a conviction that his testimony should be corroborated. We are of the opinion the court was right in refusing to treat and hold Nicholson an ac-complice. Nicholson was a partner at the time he turned the machine over to defendant, and he had the right at that time to dispose of it. It being his property, he could not be an accomplice to its embezzlement. Napoleon v. The State, 3 Texas Court of Appeals, 522. The embezzle-ment was not of the machine, but the money, and the machine was sold after Nicholson had ceased to have any interest in it, and when defend-ant was acting as agent and employe of T. J. Shuck alone.

As made by the evidence, the law of this branch of the case was fully given in the court's instructions, as follows, viz.:

"If you believe from the evidence that at the time the defendant received the machine mentioned the same belonged to a firm composed of said Shuck and the witness Nicholson, and that he sold said machine under authority from said Nicholson as the property of said firm, or of said Nicholson, without knowledge that said machine at the time of the sale thereof belonged to Shuck, you should find him not guilty. If, however, you believe from the evidence that the defendant at the time of the sale of said machine knew that the interest of said Nich-olson in said machine had been sold to said Shuck, and that he was then acting as the agent of said Shuck, and as said agent sold said machine and fraudulently appropriated the proceeds to his own use, you should find him guilty, notwithstanding the said machine belonged to said firm at the time it was delivered to defendant."

And the further special instruction given at the request of the defendant in the following language, viz.:

"If you believe and find from the evidence that the defendant sold the machine, the proceeds of the sale of which he is alleged to have embezzled, in good faith, acting under the instructions of Nicholson, and upon the assurance that the machine belonged to Nicholson, and that he collected the price for which the machine was sold, and kept the same, believing the same to have been the property of said Nicholson, then defendant can not be convicted, but should by you be acquitted."

Second. Another error assigned and made a grave subject of complaint is that appellant has been convicted of a felony—that is, the embezzlement of $20—when, if guilty at all, he was only guilty of a misdemeanor, in that by the terms of his employment he was entitled to 15 per cent commissions on all sales made by him, and deducting his commissions the amount embezzled would be less than $20. A special requested instruction embodying this view of the law of the case was asked in behalf of defendant, but refused by the court.

We have no authority directly in point, either in the text books or decisions of other States, owing, no doubt, to the fact that there is, so far as we are aware, no statute exactly similar to ours as to the definition of embezzlement, and none in which, as in ours, the crime is of degrees—that is, felony or misdemeanor according to the amount in value of the property embezzled. As a crime, embezzlement was unknown to the common law, and depends entirely upon statutory enactments. Leonard v. The State, 7 Texas Ct. App., 417; 6 Am. and Eng. Enc. of Law, 451.

Mr. Bishop says: "We have seen that the fact that the servant's being paid a commission or percentage instead of a salary is not conclusive against his power to commit embezzlement. In such a case the reader perceives that the money comes to the servant's hands already mixed—that is, the part which is commissions belongs to the servant, while the rest is the master's." 2 Bish. Crim. Law, 7 ed., sec. 370.

A general rule, deduced from an able review of the authorities by a writer in the 13th volume of the Central Law Journal, p. 464, is: "It would seem that if the money comes into the servant's hands, and any act remains to be done before he has the right to take his share, wrongful conversion to his own use is embezzlement; but if, on the receipt of the money, he is entitled to his share of commissions on the claim collected, it is not embezzlement." This rule is adopted in 6 American and English Encyclopedia of Law, p. 465. It might be applied under our statute if we add to the rule so as to make the last clause read: "But if, on the receipt of the money, he is entitled to his share of commissions on the claim collected, it is not embezzlement in so far as such commission is concerned, because such commission belongs to the servant or agent, is his property, and as such he is not liable for its conversion."

Taking this to be the correct rule under our statute, the evidence fail-

ing to show that at the time the money came into appellant's hands any act remained to be done before he had the right to take, appropriate, and use his share or commission, the court should have given in charge the requested instruction to the effect that if, deducting such commissions, the amount belonging to his master or employer was not $20, then they should find him guilty of a misdemeanor only, and assess his punishment accordingly, the punishment being the same as in cases of theft. Penal Code, art. 786.

Because the court erred in refusing to give said special instruction, the judgment is reversed and cause remanded.

*Reversed and remanded.*

Davidson, J., being disqualified, did not sit in this case.