## S. A. PALMER V. THE STATE.

No. 19691.   Delivered May 11, 1938.

The opinion states the case.

*Hal O. McConnell,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for embezzlement, a felony; penalty assessed at confinement in the penitentiary for two years.

The State's witness, G. A. Couch, testified that he was the sole owner of the Couch Electric Company, a retail business in Texarkana, Texas, dealing in electric refrigerators, washing and ironing machines, water heaters, radios and all major appliances. The appellant was employed by the witness as sales manager, and in such capacity, he supervised the sales of the salespeople working under him. He also made sales of merchandise. According to the witness, he paid appellant a certain salary per month in addition to a "riding commission" of two per cent. The commission mentioned was a two per cent. commission on all sales of electrical appliances whether sold by appellant or the other salespeople. It appears that appellant made the sale of an electric refrigerator to Mrs. H. Ramsey, who resided in North Heights, Texarkana, which was paid for in cash. Thereafter, he sold her a radio which was priced at $139.50. He allowed her $39.50 on her old radio, thus leaving a balance of $100.00 due on the new one. Appellant went to the home of Mrs. Ramsey and collected the $100.00 which she paid him in cash. He turned $50.00 over to the Couch Electric Company and kept the $50.00, upon which the present conviction is founded.

There is some suggestion in the record that the Couch Electric Company was situated in that portion of Texarkana which is in the State of Texas, and that the person to whom the radio was sold resided in that section of the city which was in the State of Arkansas.

Counsel for appellant challenges the sufficiency of the evidence to support the conviction, based upon the contention that under his contract of employment the appellant was entitled to two per cent. "over-riding commission" on all sales of electrical appliances made during the month; that at the time he received the $50.00 which was part of the sale price of the radio he had sold, he owned two per cent. thereof, which would be $1.00. Therefore, if he embezzled the remainder, he would be embezzling only $49.00, which would render the offense a misdemeanor rather than a felony.

The contention of the appellant finds support in the case of Aldrich v. State, 29 Texas Crim. App. 394, 16 S. W. 251, in which it was held that under a statute making the embezzlement of property of the value of $20.00 and more a felony, and of property of less value a misdemeanor, a sewing machine agent who, under his contract of employment is entitled to a commission of fifteen per cent. of all his sales, and who sells a machine for $20.00 and appropriates the proceeds, is not guilty of a felony unless some further act remained to be done before he had the right to appropriate his commission. From the opin-

ion of the Court we take the following quotation: "A general rule deduced from an able review of the authorities by a writer in 13 Cent. Law J. 464, is: 'It would seem that if the money comes into the servant's hand, and any act still remains to be done before he has the right to take his share, wrongful conversion to his own use is embezzlement; but if on the receipt of the money he is entitled to his share of commissions on the claim collected it is not embezzlement.' This rule is adopted in 6 Amer. & Eng. Enc. of Law, p. 465."

See, also, Bell v. State, 104 S. W. (2d) 511, and cases there cited.

Complaint is made of the failure of the trial court to charge on circumstantial evidence. It appears from the testimony that the only persons who saw the appellant in possession of the $50.00 which he is alleged to have embezzled were those who saw the money delivered to him in the State of Arkansas. There seems to have been no witnesses who saw appellant in possession of the funds in the State of Texas. The appellant having denied the taking of the funds, the State's case is therefore made to depend upon circumstances, namely, that he transported the money from the State of Arkansas into the State of Texas, and that he had it in his possession in the latter State. The State's attorney before this Court concedes that the trial court should have submitted to the jury a charge on circumstantial evidence.

Because of the errors mentioned, the judgment of the trial court is reversed and the cause remanded.